SHOREHAM DEVELOPERS, INC. *v.* STAT-
LAND, INDIVIDUALLY, ETC.

[No. 284, September Term, 1970.]

*Decided February 4, 1971.*

The cause was argued before HAMMOND, C. J., and MC-
WILLIAMS, FINAN, SINGLEY and DIGGES, JJ.

*Robert C. Heeney,* with whom were *Heeney, McAuliffe
& McAuliffe* on the brief, for appellant.

*Karl G. Feissner,* with whom was *Edward M. Statland* on the brief, for appellee.

McWILLIAMS, J., delivered the opinion of the Court.

In this dispute between attorney and client the trial judge, Bowie, J., thought their arrangement was neither as claimed by the client (Shoreham) nor as claimed by the attorney (Statland). He concluded it lay between the one and the other. Statland, although disappointed with Judge Bowie's resolution of the issue, seems content to let it stand. Shoreham, hewing to its original stance, invites us to strike down the judgment below and to replace it with a judgment reflecting its contention. We shall affirm the result reached by Judge Bowie.

Statland became one of Shoreham's attorneys in 1963. In addition to a monthly retainer of $300 it was understood that any protracted litigation would justify additional fees. In 1964 Shoreham presented Statland with a problem, concerning 32 acres of land, which ultimately reached this Court, *Shoreham Developers, Inc. v. Randolph Hills, Inc.,* 248 Md. 267 (1967). We reversed the order dismissing Shoreham's bill for specific performance and remanded the case for further proceedings. In the end Shoreham prevailed and as a result the value of the 32 acres increased by about $300,000. In March 1969 Statland billed Shoreham for $60,000 less payments made during the preceding five years amounting to $8,575.

We shall not undertake to distill from this voluminous record the many mutations in the arrangements dealing with counsel's compensation. It suffices to say that the evidence would support Shoreham's claim that the total fee was not to exceed $10,000 including the $8,575 already paid, Statland's claim of $51,425 ($60,000—$8,575), and Judge Bowie's finding that an agreement had been reached providing for the payment of a flat $10,000, contingent upon success, in addition to the previous billings of $8,575. Judge Bowie was the trier of facts. He saw the witnesses; he heard them testify. As Maryland

Rule 886 requires we have given "due regard" to his "opportunity * * * to judge * * * [their] credibility." On this record, which we have examined carefully, we cannot say his judgment on the evidence was clearly erroneous.

Shoreham's reliance upon *Baker v. Otto,* 180 Md. 53 (1941), seems to require some comment. In that case Baker for some years had been the attorney for Annie S. Miller. She had a mortgage on Baker's house. After her death he sued her executors to compel the release of the mortgage contending he had paid it during her lifetime. This was disputed by the executors and the chancellor held Baker's evidence to be not "sufficiently clear and satisfactory to discharge the burden of proof." In affirming the chancellor Judge Delaplaine, for the Court, said:

> "When a transaction between attorney and client is attacked, the presumption of fraud can be overcome only by the clearest and most satisfactory evidence." *Id.* at 55-56.

Shoreham insists that *Baker v. Otto* "is clearly applicable to this case in that there is a genuine dispute between the parties as to what the agreement was as to fee." That the instant case is distinguishable from *Baker v. Otto* was made entirely clear in *Hardy v. Brookhart,* 259 Md. 317 (1970). Lerner, the president and principal owner of Shoreham, like Hardy, is himself a lawyer. He was 44 years old at the time of trial and he had the expertise one could fairly attribute to one admittedly a principal in a number of large real estate deals. He could hardly claim naivete in the employment of attorneys; he had employed others and he had paid them substantial fees, some as high as $100,000. He was certainly not the 87 year old widow who "obviously reposed implicit trust in" Baker. As our predecessors said in *Roman v. Mali,* 42 Md. 513 (1875):

> "If the court be satisfied that the party holding

the relation of client performed the act or entered into the transaction voluntarily, deliberately, and advisedly, knowing its nature and effect, and that no concealment or undue means were used to obtain his consent to what was done, the transaction will be maintained." *Id.* at 559.

*Judgment affirmed.*
*Costs to be paid by the appellant.*